**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**EARLY COOPER,**

        **Plaintiff,**                    **Case No. 06-10271**

**vs.**                                 **HONORABLE DENISE PAGE HOOD**


**COUNTRYWIDE HOME LOANS,**
**MORTGAGE ELECTRONIC REGISTRATION**
**SYSTEMS, INC.,** and **TROTT & TROTT, P.C.,**

        **Defendants.**

_____/


**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) for Failure to State a Claim upon which Relief can be Granted filed on March 17, 2006. Plaintiff Early Cooper [hereinafter "Plaintiff"] filed a Response entitled, Claim for Relief to be Granted Pursuant to FRCVP 8, on May 22, 2006. Defendant filed a Rely on May 30, 2006.

Plaintiff alleges in her Complaint filed on January 20, 2006, one count against Defendants Countrywide Home Loans, Mortgage Electronic Registration Systems, Inc., and Trott & Trott [hereinafter "Defendants"] of Violation of Right to Due Process. Specifically, Plaintiff alleges that Defendant Countrywide Home Loans conspired to violate her right to due process rights by ignoring her interrogatories and exercising the clauses in the contract between Plaintiff and Defendant

Countrywide Home Loans which permitted Countrywide Home Loans to accelerate the debt and seize Plaintiff's property.  Plaintiff also alleges that Defendant Countrywide Home Loans entered into an agreement with the previous mortgage holder to accept Plaintiff's liabilities under false pretenses.

Plaintiff alleges that Defendant Mortgage Electronic Registration Systems, Inc. is an accomplice in the violation of Plaintiff's due process rights by hiring Defendant Trott & Trott, P.C., along with Defendant Countrywide Home Loans, to execute a judicial foreclosure on Plaintiff's property.  Plaintiff alleges that she was denied the opportunity to raise a defense because Defendant Mortgage Electronic Registration Systems, Inc. assumed all liabilities of the mortgage note, and did not provide a witness a witness to testify to Plaintiff's alleged injuries.

Plaintiff alleges that Defendant Trott & Trott, P.C. violated her right to due process by conducting a foreclosure of her property.

In their Motion, the Defendants ask this Court to grant the Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) for Failure to State a Claim upon which Relief can be Granted because this case was adjudicated in Wayne County Circuit Court, Case No. 05-529050-CK, and it is improperly in this court under the *Rooker-Feldman* Doctrine and the common law doctrine of *res judicata*.

For the reasons stated herein, this Court GRANTS Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) for Failure to State a Claim upon which Relief can be Granted and DISMISSES Plaintiff's Complaint.

## II.  STATEMENT OF FACTS

### Background

Plaintiff Early Cooper [hereinafter "Plaintiff"] defaulted on her mortgage due to past due payments under the terms of Plaintiff's note and mortgage.  The matter subsequently went to non-judicial foreclosure.  Pursuant to statute, Mortgage Electronic Registration Systems, Inc. [hereinafter "MERS"], acting as nominee for the lender, purchased the property at a sheriff's sale on April 20, 2005.  The sheriff's deed was recorded on May 10, 2005.  The six month statutory redemption period expired on October 20, 2005.  In response to the sheriff's sale, Plaintiff filed a complaint in Wayne County Circuit Court, Case No. 05-529050-CK.  This complaint was consolidated with a separate complaint on a different property filed by Plaintiff, and transferred to the docket of Judge Gershwin Drain.  Pursuant to Defendants' motion, Wayne County Circuit Court, Case No. 05-529050-CK was dismissed.  On or about December 12, 2005, Plaintiff filed a Motion for Reconsideration in Wayne County Circuit Court.

After the complaint was dismissed, Defendants allege that Plaintiff wrongfully held over after the redemption period expired, and a complaint for judgment of possession was filed in 36th District Court, Case No. 06-300836-LT, which resulted in a judgment of possession being granted to Mortgage Electronic Registration Systems, Inc. on January 19, 2006.  Plaintiff did not seek an appeal with the Michigan State Court of Appeals.  Plaintiff then filed the instant Complaint in this Court.

## III.  STANDARD OR REVIEW

Rule 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted.  This type of motion tests the legal sufficiency of the plaintiff's complaint.  *Davey*

*v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986).  In evaluating the propriety of dismissal

under Rule 12(b)(6), the factual allegations in the Complaint must be treated as true.  *Janan v.*

*Trammell*, 785 F.2d 557, 558 (6th Cir. 1986).  If matters outside the pleading are presented in a Rule

12(b)(6) motion, the motion shall be treated as one for summary judgment under Rule 56(b) and

disposed of as provided in Rule 56.

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party

demonstrates there is no genuine issue as to any material fact.  The Supreme Court has interpreted

this to mean that summary judgment should be entered if the evidence is such that a reasonable jury

could find only for the moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party has "the burden of showing the absence of a genuine issue as to any material

fact."  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773

F.2d 62 (6th Cir. 1985).  In resolving a summary judgment motion, the Court must view the

evidence in the light most favorable to the non-moving party.  *See Duchon v. Cajon Co.*, 791 F.2d

43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983).

But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after
> adequate time for discovery and upon motion, against a party who fails to make a
> showing sufficient to establish the existence of an element essential to that party's
> case, and on which that party will bear the burden of proof at trial.  In such a
> situation, there can be "no genuine issue as to any material fact," since a complete
> failure of proof concerning an essential element of the nonmoving party's case
> necessarily renders all other facts immaterial.  The moving party is "entitled to a
> judgment as a matter of law" because the nonmoving party has failed to make a
> sufficient showing on an essential element of her case with respect to which she has
> the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some

evidence" of a disputed fact.  "If the [nonmovant's] evidence is merely colorable, or is not

significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

## IV.  APPLICABLE LAW & ANALYSIS

The Defendants argue that under the *Rooker-Feldman* Doctrine this Court lacks authority to perform appellate review of state court decisions.

28 U.S.C. § 1257 grants the Supreme Court the right to review "[f]inal judgments...rendered by the highest court of a State in which a decision could be had." *Hart v. Comerica Bank, et al.*, 957 F.Supp. 958, 968 (E.D. Mich. 1997). Because Congress has not granted any other federal court the right to review state court judgments, the Supreme Court's jurisdiction under § 1257 is exclusive. *Id*. at 968-969. Furthermore, because 28 U.S.C. §§ 1331 and 1332 only grant original jurisdiction to the inferior federal courts, they may not engage in appellate review of state decisions. *Id*.

The federal courts are courts of limited jurisdiction whose jurisdiction Congress may limit, but not expand. *Id*. *See also Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803). This is exactly what Congress has done in 28. U.S.C. §§ 1257, 1331, and 1332. *Id*. Implicit in these statutes is the recognition that the whole of state litigation should not be displaced into federal courts and that the two separate legal systems in this country-state and federal-cannot function but for these limitations since they would otherwise compete for control of a particular case and/or its interrelated issues. *Id*. This recognition, therefore, is grounded in the federalism and federal-state comity which underlies our Nation's Constitution and our dual system of State and federal government. *Id*.

Since [the decisions in *Rooker v. Fidelity Trust*, 263 U.S. 413 (1923) and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)], the U.S. Courts of Appeal and the U.S. Supreme Court have stated broadly that when presented with claims that raise issues which were the subject of, or inextricably intertwined with, state court decisions, the inferior federal courts must apply the *Rooker-Feldman* doctrine and dismiss the claims, even where the inextricably intertwined issues underlying the claims before it were not raised in state court, or where the time for appeal in the state court system has expired.  *Id*. at 970.  *See also Garry v. Geils*, 82 F.3d 1362, 1369-70 (7th Cir. 1996).  Put simply, claims like these are barred from the inferior federal courts because these courts have no authority to review state court decisions or any issues that either the state court or the parties considered or raised, or could have, in the course of the state court decisions.  *Id*.

An inferior federal court must apply the *Rooker-Feldman* doctrine to dismiss cases for lack of jurisdiction where: (1) the party against whom the doctrine is being applied had the opportunity to raise the issues before the inferior court federal court, or those inextricably intertwined therewith, in prior state court proceedings; and (2) the prior state court proceedings adjudicated the issues before the inferior federal court are inextricably intertwined with the issues which were the subject of the prior state court proceedings.  *Id*.

The Sixth Circuit has held that to apply the *Rooker-Feldman* Doctrine to bar a plaintiff's claim, the court must find that the plaintiff was a "party" to the underlying state court proceedings. *Id*. (citing *United States v. Owens*, 54 F.3d 271, 274 (6th Cir.1995)).

Plaintiff was a party-plaintiff to Wayne County Circuit Case No. 05-529050 against the Defendants. The allegations in the complaint in Wayne County Circuit Court were breach of contract against the Defendants.  The Motion for Reconsideration has not yet been decided.  This Court finds

that the allegations in the Wayne County Circuit Court case are inextricably intertwined with the

allegations made in the instant matter.  The *Rooker-Feldman* doctrine applies in this case.

## V.  CONCLUSION

Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to

Rule 12(b)(6) for Failure to State a Claim upon which Relief can be Granted **[Docket No. 5,**

**filed March 17, 2006]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint **[Docket No. 1, filed January**

**20, 2006]** is DISMISSED.

Dated: June 30, 2006                                             /S/ DENISE PAGE HOOD
Detroit, Michigan                                       UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon counsel of record
on June 30, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager